10-2858-ag
Dong v. Holder

BIA
Videla, IJ
A099 687 201

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand twelve.

PRESENT:
          GUIDO CALABRESI,
          ROBERT A. KATZMANN,
          RICHARD C. WESLEY,
               *Circuit Judges*.

_____

JINHUI DONG, AKA JIN HUI DONG,
          *Petitioner*,

          v.                                    10-2858-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Richard M. Evans, Assistant Director;
                     Andrew M. Oliveira, Trial Attorney,
                     Office of Immigration Litigation,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jinhui Dong, a native and citizen of the People's Republic of China, seeks review of a June 21, 2010, decision of the BIA affirming the July 9, 2008, decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jinhui Dong*, No. A099 687 201 (B.I.A. June 21, 2010), aff'g No. A099 687 201 (Immig. Ct. N.Y. City July 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered the IJ's decision as modified by the BIA decision. *See Xue Yong Hang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

Here, substantial evidence supports the agency's conclusion that Dong was not entitled to asylum or withholding because he failed to demonstrate either that he had been

2

persecuted, or that he had a well-founded fear of persecution, under China's coercive family planning policy. The fact that Dong's wife was forced to undergo an abortion is not sufficient to entitle Dong to asylum or withholding of removal. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007). Rather, in order to establish eligibility for asylum and withholding of removal on this basis, Dong must demonstrate that he has been, or will be, persecuted on the basis of other resistance to the coercive family planning policies. *Id*.

Dong argues that conceiving a child in violation of the family planning policies constitutes other resistance. He did not, however, raise this argument to the BIA, where he argued only that he was entitled to relief on the basis of his wife's involuntary abortion. Accordingly, because Dong failed to raise this issue in his brief to the BIA, and because the Government has raised that failure to exhaust in its brief to this Court, we decline to consider Dong's argument that impregnating his wife in violation of the family planning policies constitutes other resistance sufficient to entitle him to asylum and withholding of removal. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

3

Dong also argues that the fine imposed on his family after his wife's abortion constitutes persecution on the basis of a protected ground. Nothing in the record, however, compels this conclusion. Rather, Dong's testimony demonstrated that the fine was imposed before he fought with family planning officials, and, thus, was not on account of Dong's resistance to the family planning policies, but, rather, merely because the couple had violated the policies. *See Shi Liang Lin*, 494 F.3d at 313. Accordingly, the agency did not err in finding that Dong failed to demonstrate the nexus to a protected ground required to establish his eligibility for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A).

Even assuming Dong's altercation with authorities was "other resistance," the agency reasonably concluded that Dong had failed to establish that he was persecuted as a result, as he was neither detained nor physically mistreated. *See Ivanishvilli v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (noting that harm must rise above "mere harassment" to constitute persecution); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as a "threat to the life or freedom of, or the infliction of suffering or harm

4

upon, those who differ in a way regarded as offensive"), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987). Similarly, Dong failed to establish a fear of future persecution. Other than his testimony that he feared arrest on the basis of his confrontation with the officials, Dong offered no evidence that he would be arrested, detained or otherwise harmed if returned to China. Absent "solid support" in the record that his fear is objectively reasonable, Dong's claim of future persecution is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Therefore, as the agency reasonably found that Dong failed to demonstrate either past persecution or a well-founded fear of future persecution, it did not err by denying his applications for asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2)(i); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5